FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 OCT 10 P 3: 47

CLERK _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | INFORMATION NO.: |
| | ) | |
| v. | ) | VIO:   18 U.S.C. § 1001  **CR 1 1 3  2 2 7** |
| | ) | False Statements |
| ALISON MICHELLE WADDELL, f/k/a | ) | |
| ALISON MICHELLE GAUB | ) | |

## INFORMATION

**THE UNITED STATES ATTORNEY CHARGES THAT** at all times material to this

Information:

1.     The National Security Agency ("NSA") was a component of the United States

Department of Defense, which was part of the executive branch of the United States

Government.

2.     NSA contracted with an outside company (the "Contractor") to obtain certain

intelligence analysis services.  The Contractor provided such services under the terms of two

contracts: 1) a time-and-materials contract; and 2) a cost-plus-award-fee contract (collectively

referred to as the "Services Contracts").

3.     The Defendant herein, **ALISON MICHELLE WADDELL f/k/a ALISON

MICHELLE GAUB ("WADDELL")**, was a resident of Beech Island, South Carolina, and was

employed full-time as an Analytic Reporter, during the time periods of August 2009 to October

2010 and from October 2011 to September 2012, by a subcontractor ("the Subcontractor") to the

Contractor to perform work under the terms of the Services Contracts.  **WADDELL**'s sole duty

station with respect to the Services Contracts was located at the NSA facility within Fort Gordon,

Georgia ("NSA Facility").

4.      Under the terms of the Services Contracts, **WADDELL** was required to be physically present within the NSA Facility when performing work on the Services Contracts.   In other words, **WADDELL** was required to perform her job duties exclusively inside the NSA Facility.

5.      The Subcontractor required **WADDELL** to maintain a record of her time and attendance and to submit a timesheet in electronic form for each and every two-week pay period.

6.      In  those timesheets, **WADDELL** was required to accurately state the number of hours she had worked during the relevant pay period on the Services Contracts.

7.      **WADDELL** received regular paychecks from the Subcontractor in which she was paid based upon the number of hours she claimed to work on the Services Contracts for the pay periods in question.

8.      Based on the hours that **WADDELL** claimed to have worked on the Services Contracts, the Subcontractor periodically invoiced the Contractor for such hours.   The Contractor, in turn, periodically invoiced NSA for the hours that **WADDELL** claimed to have worked on the Services Contracts.

9.      After NSA received invoices from the Contractor, which included the amounts invoiced for hours that **WADDELL** had reported to the Subcontractor that she had worked on the Services Contracts, NSA paid the Contractor for such claimed hours.   The Contractor, in turn, made payments to the Subcontractor for **WADDELL**'s claimed hours.

10.     NSA paid the Contractor between $71.53  per hour and $93.90 per hour for the hours that **WADDELL** claimed to have worked on the Services Contracts.

11.     From on or about August 2009 to October 2010 and from October 2011 to September 2012, **WADDELL** submitted, and caused to be submitted, false timesheets to the

Subcontractor claiming that she had worked, in total, 748.25 hours more than she had actually worked on the Services Contracts.   The Subcontractor, in turn, invoiced the Contractor for all of these hours that **WADDELL** claimed to have worked, but in fact, had not worked on the Services Contracts.   The Contractor, in turn, submitted invoices to NSA for all of these hours that **WADDELL** claimed to have worked, but in fact, had not worked on the Services Contracts.

12.     Based on the invoices that the Contractor submitted to NSA for the hours that **WADDELL** claimed to have worked, but in fact, had not worked on the Services Contracts, NSA overpaid the Contractor at least Sixty One Thousand Six Hundred Forty Four Dollars and Fifty Two Cents ($61,644.52).

<u>The False Statement</u>

13.     On or about July 27, 2012, in Richmond County, within the Southern District of Georgia, the Defendant herein,

**ALISON MICHELLE WADDELL f/k/a ALISON MICHELLE GAUB**

knowingly and willfully, in a matter within the jurisdiction of the National Security Agency, a part of the executive branch of the Government of the United States, made materially false, fictitious, and fraudulent statements and representations, in that she submitted a timesheet to the Subcontractor for the pay period ending on the same date, in which she claimed that she had worked 80 hours on the Services Contracts, which, as she well knew, was  22 hours more than she had, in fact, worked on the Services Contracts for the relevant pay period; all done in violation of Title 18, United States Code, Section 1001.

*(Signatures for Attorneys for the government appear on the following page)*

*(Signature page for Information Regarding Alison Waddell)*

Edward J. Tarver
United States Attorney

C. Troy Clark (Lead Counsel)
Assistant United States Attorney

James D. Durham
First Assistant United States Attorney

Nancy C. Greenwood (Co-counsel)
Assistant United States Attorney
Deputy Chief, Criminal Division

Brian T. Rafferty
Assistant United States Attorney
Chief, Criminal Division