U.S. DISTRICT COURT
Southern District of Georgia
Filed in Open Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

Deputy Clerk

| UNITED STATES OF AMERICA | ) INFORMATION NO.: CR113 227 |
|---|---|
|  | ) |
| v. | ) VIO:  18 U.S.C. § 1001 |
|  | )         False Statements |
| ALISON MICHELLE WADDELL, f/k/a | ) |
| ALISON MICHELLE GAUB | ) |

## PLEA AGREEMENT

**STATUTE CHARGED**:

    **Count 1:**    18 U.S.C. § 1001
                           False Statements

**COUNT PLEADING TO**:

    **Count 1:**    18 U.S.C. § 1001
                               False Statements

### Penalty:

Not more than five (5) years imprisonment; a fine of not more than $250,000.00, or both; not more than three (3) years of supervised release; and a $100.00 special assessment.

### Elements of Offense:

1. The Defendant made the statement, as charged;

2. The statement was false, fictitious, or fraudulent;

3. The falsity concerned a material matter;

4. The Defendant acted willfully, knowing that the statement was false; and

5. The false statement was made or used for a matter within the jurisdiction of a department or agency of the United States.

## PLEA AGREEMENT

C. Troy Clark, Assistant United States Attorney, and James S. Murray, attorney for the Defendant, pursuant to the provisions of Rule 11, Federal Rules of Criminal Procedure, as amended, have, with the authorization of the undersigned Defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Information styled above, and a Plea Agreement has been reached by said parties in the following respects:

## GOVERNMENT OBLIGATIONS

1. Upon Defendant's entry of a plea of guilty to the offense charged in Count 1 of the Information, her full compliance with all promises made hereinafter as a part of their agreement, and her adherence to all representations and understandings recited hereinafter, the attorney for the government will do the following:

a. At the time of sentencing, the government will recommend a sentence of probation, pursuant to U.S.S.G. § 5C1.1.

## OBLIGATIONS OF THE DEFENDANT

2. THE DEFENDANT AGREES:

a. to plead guilty to Count 1 of the Information charging a violation of 18 U.S.C. § 1001;

b. to waive her right to proceed by Indictment pursuant to Rule 7(b) of the Federal Rules of Criminal Procedure;

c. LIMITED WAIVER OF APPEAL:

Understanding that federal law and rules provide for an appeal by a defendant of the conviction and sentence under certain circumstances, as a part of this agreement and in consideration

for the government's promises hereunder, to the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that: the Defendant may file a direct appeal of her sentence if it exceeds the statutory maximum; and the Defendant may file a direct appeal of her sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court. The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the Defendant may also file a direct appeal of the sentence.

3. **The Defendant also understands that in accordance with United States v. Booker, the district court, while not bound to apply the federal sentencing guidelines, must consult those guidelines and take them into account to formulate a reasonable sentence.**

4. DEFENDANT'S REPRESENTATIONS TO THE COURT AND FURTHER OBLIGATIONS UNDER THIS AGREEMENT

a. FACTUAL BASIS

The Defendant understands that Count 1 of the Information incorporates twelve (12) paragraphs of introductory allegations and also charges that on or about July 27, 2012, in Richmond County, within the Southern District of Georgia, the Defendant, knowingly and willfully, in a matter within the jurisdiction of the National Security Agency, a part of the executive branch of the Government of the United States, made materially false, fictitious, and fraudulent statements and representations, in that she submitted a timesheet to a Subcontractor for the pay period ending on the same date, in which she claimed that she had worked 80 hours on the Services Contracts, which, as she well knew, was 22 hours more than she had, in fact, worked on the Services Contracts for the

relevant pay period, all in violation of Title 18, United States Code, Section 1001. The Defendant further understands that here admissions and guilty plea to this charge constitute proof as to that count.

The Defendant understands and agrees that nothing in this agreement shall abrogate the duty and right of the government to bring all sentencing facts to the attention of the sentencing court, and the Defendant further agrees that the government shall not be bound to make any recommendation under this agreement if to do so would directly contradict facts relevant to the offense conduct or the Defendant's prior conduct or criminal history, which first come to the attention of the government, or are confirmed as true, only after the signing of this agreement.

The Defendant understands that the Court is not a party to this agreement, that the government can only make recommendations which are not binding on the Court, and that after the entry of the Defendant's guilty plea, the Defendant has no absolute right to withdraw the plea. Thus, the Court is free to impose any sentence authorized by law up to the statutory maximum sentence.

The Defendant further advises the Court that the Defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court, and that the U.S. Probation Office will consider all of Defendant's conduct related to the offense to which she is pleading, as well as the Defendant's criminal history, and that these facts will be considered by the Court in determining the Defendant's sentence. The Defendant understands that the offense level and criminal history category determined by the United States Probation Office and the Court may differ from that estimated or projected by Defendant's counsel or the United States Attorney.

**The Defendant advises the Court that the Defendant understands that if the relevant conduct, guideline sentencing range, or sentence imposed by the Court is more or greater than the Defendant expected or, in the case of relevant conduct, is found to be more**

**extensive than the Defendant has admitted to, the Defendant will still have no absolute right to withdraw her guilty plea.**

  b. FINES, ASSESSMENTS, FORFEITURES AND RESTITUTION

  The Defendant understands that any assessments imposed pursuant to 18 U.S.C. § 3013 by the Court at sentencing must be paid on the date of sentencing.

  The Defendant understands that if a fine or restitution is imposed by the Court at sentencing, or if the United States is pursuing the forfeiture of any property in which the Defendant has an interest, whether by administrative, civil, or judicial proceeding, the Defendant shall meet with a member of the Debt Collection Unit of the United States Attorney's Office on the day of sentencing and complete a written personal financial statement setting forth the Defendant's assets and liabilities. The Defendant further understands that by completing the financial statement, the Defendant is representing that it is true and accurate to the best of the Defendant's information, knowledge and belief, and agrees to make an honest, good faith effort to pay said fine as directed by the financial litigation section of the United States Attorney's Office. Further, Defendant agrees that upon execution of this plea agreement, the United States is authorized to run credit reports on her and to share the contents of the reports with the Court and U.S. Probation. Defendant also agrees that not later than 45 days before the first date set for sentencing, Defendant shall provide to the United States, under penalty of perjury, a financial disclosure form listing all Defendant's assets and financial interests valued at more than $1,000. Defendant understands that these assets and financial interests include all assets and financial interests in which Defendant has an interest, direct or indirect, whether held in Defendant's own name or in the name of another, in any property, real or personal.

  Defendant shall also identify all assets valued at more than Five Thousand Dollars

($5,000.00) which have been transferred to third parties since (Date of first offense), including the location of the assets and the identity of the third party(ies).

**The Defendant further agrees that the amount of restitution ordered by the Court shall include the Defendant's total offense conduct, and is not limited to the counts of conviction.** In this case, the parties agree that the total amount of restitution, calculated on the basis of Defendant's total offense conduct, is Sixty One Thousand Six Hundred Forty Four Dollars and Fifty Two Cents ($61,644.52). The parties agree that restitution shall be ordered forthwith.

The Court may impose additional restitution for losses proved by a preponderance of the evidence. The imposition of additional restitution may not forma a basis for the Defendant to withdraw from this plea agreement.

Defendant will pay restitution in the amount of Ten Thousand Dollars $10,000.00 on the date of change of plea hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure. Defendant understands and agrees that if Defendant does not make the Ten Thousand Dollar ($10,000.00) payment on the date of her change of plea hearing, the government has the right to withdraw this Plea Agreement and proceed to trial. To pay the remainder of restitution, Defendant shall pay restitution at the greater of: 25% of Defendant's gross monthly income, or $500 per month. Defendant shall make his payments to the "Clerk of the Court." Defendant agrees and understands that any payment schedule imposed by the Court is without prejudice to the United States to take all actions and take all remedies available to it to collect the full amount of the restitution.

The Defendant agrees that the restitution, restitution judgment, payment provisions, and collection actions of this plea agreement are intended to, and will, survive Defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. Defendant further agrees that any restitution collected and/or distributed will survive her,

notwithstanding the abatement of any underlying criminal conviction after execution of this agreement. The restitution described above shall be paid through the Office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

If the Court imposes a term of supervised release, Defendant agrees that she will not later seek to reduce or terminate early the term of supervised release until she has served at least 2/3 of her term of supervised release and **fully paid the special assessment and restitution.**

c. FOIA AND PRIVACY ACT WAIVER: The Defendant retains all discovery rights to documents pertaining to the investigation and prosecution of this case as may by law apply to any post-conviction litigation as to which the right to proceed has not otherwise been waived or relinquished by the Defendant in this agreement or otherwise; HOWEVER, notwithstanding any right on the part of the Defendant to post-conviction litigation, the Defendant, as a part of this agreement and in consideration of the promises by made the government hereunder, waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

5. <u>DEFENDANT'S FURTHER REPRESENTATIONS TO THE COURT</u>:

a. The Defendant represents to the Court that the Defendant has had the services of an attorney the Defendant believes to be competent; that the Defendant has met with said attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with her attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and

Defendant's attorney have discussed possible defenses, if any, to the charge in the indictment, including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the government's witnesses, the Defendant's right to testify in the Defendant's own behalf, or to remain silent and have no adverse inferences drawn from the Defendant's silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

  b. The Defendant further represents to the Court that the plea agreement as set forth herein and the plea to be entered by the Defendant is the result of prior discussions between the attorney for the government and the attorney for the Defendant, conducted with the Defendant's authorization, knowledge and consent; that this plea agreement contains the entire agreement and understanding between the government and the Defendant; and that the Defendant has no other agreements, understandings, or deals with any person other than those set out in this plea agreement, that is, the Defendant advises the Court that the Defendant's entire understanding of this Plea Agreement is completely set forth in writing in this document.

  c. The Defendant represents to the Court that he has been advised of the nature of the charge to which the plea of guilty is to be offered, of the maximum possible penalties provided by law, as set forth above, and that by entering a plea of guilty the Defendant gives up all of the rights set out in paragraph "a" above, gives up any defenses to the charge, and understands that there will not be a further trial of any kind. The Defendant further understands that in entering a plea of

guilty, the Court will ask questions about the offense to which the plea is entered. The Defendant understands that she will be under oath and on the record in answering those questions, and that the Defendant's answers may later be used against her in a criminal prosecution for perjury or false statement if those answers are not truthful.

6. FAILURE TO COMPLY WITH TERMS OF AGREEMENT

If the Defendant at any time fails to comply with any of the terms of this agreement in any way, the government shall be released from its promises herein. This includes, but is not limited to, any attempt by the Defendant to obstruct justice, for example, by influencing the testimony of a witness or committing new crimes prior to Defendant's sentencing by the court.

This _9th_ day of _October_, 2013.

EDWARD J. TARVER
UNITED STATES ATTORNEY

_____
C. Troy Clark
Assistant United States Attorney
Georgia Bar No. 811674
P.O. Box 2017
Augusta, GA 30903
(706) 826-4520

_____
Nancy C. Greenwood
Deputy Chief, Criminal Division

I have read the foregoing Plea Agreement, consisting of 10 pages including this page, and I understand what it says and means, and by my signature hereunder I swear or affirm under penalty of perjury that the matters and facts set forth therein are true, and accurately and correctly state the representations that have been made to me by my attorney and government agents and/or prosecutors, and accurately set forth the terms and conditions of the plea agreement that has been reached by my attorney on my behalf and with my permission.

Alison Michelle Waddell
Defendant

James S. Murray
Attorney for the Defendant

8-26-2013
Date

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) INFORMATION NO. CR113 227 |
| | ) |
| v. | ) VIO: 18 U.S.C. § 1001 |
| | )      False Statements |
| ALISON MICHELLE WADDELL, f/k/a | ) |
| ALISON MICHELLE GAUB | ) |

### ORDER

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the Defendant and the Defendant's attorney at a hearing on the Defendant's motion to change plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by the Defendant be and it is hereby accepted and the foregoing Plea Agreement be and it is hereby ratified and confirmed.

This 7th day of November, 2013.

_____
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA